UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT E. BUTCHER,

    Plaintiff,

vs                                                Case No: 07-14940
                                                  Honorable Victoria A. Roberts

MICHIGAN SUPREME COURT, ET AL,

    Defendant.

_____/

## OPINION AND ORDER

**I. INTRODUCTION**

This matter is before the Court on motions to dismiss filed by the Michigan Supreme Court, the Michigan Attorney Grievance Commission, and the Michigan Attorney Discipline Board. The Michigan Supreme Court and the Attorney Discipline Board also request sanctions against Plaintiff. For the following reasons, the Court **GRANTS** the Motion to Dismiss but **DENIES** the request for sanctions.

**II. BACKGROUND**

Plaintiff Robert Butcher sues for injuries he allegedly suffered as a result of having his license to practice law suspended. Butcher contends that Defendants the Michigan Supreme Court, the Michigan Attorney Grievance Commission ("AGC") and the Michigan Attorney Discipline Board ("ADB") violated his Fourth, Fifth, Sixth, Seventh and Fourteenth Amendment rights under the United States Constitution. He seeks a permanent injunction prohibiting Defendants from enforcing any discipline order. Further, he requests the Court to issue costs and an order declaring that he is still

1

counsel for Jacob Roy Frysinger.

In April 2000, Jacob Roy Frysinger ("Roy") retained Butcher to probate the estate of Edward Vacek (Roy's step-father), who died April 10, 2000. Roy was the personal representative and the sole heir of the estate. Due to his physical condition, Roy eventually resigned and was replaced by Butcher as personal representative. Butcher served until February 2001 when Roy's wife, Mary Ann Frysinger ("Mary"), retained an attorney to remove Butcher. Butcher had not entered into a written fee agreement with Roy. However, Roy and Mary advanced money to him for expenses.

Butcher was ordered to file a final account after his removal as personal representative. The Probate Court determined an amount Butcher was to pay the new representative. He failed to do this. As a result, the Monroe County Probate Court held him in civil contempt. A judgment was entered against Butcher for failure to pay the new representative. Subsequently, Mary filed a request for investigation of Butcher with the AGC.

The Grievance Administrator filed Formal Complaint 04-21-GA on February 23, 2004 against Butcher. It alleged misconduct by Butcher for his failure to comply with orders of the probate court to pay the new representative. This was a violation of the Michigan Court Rules ("MCR") 9.104(A)(1)-(4) and the Michigan Rules of Professional Conduct ("MRPC") 1.5(a), 1.15(a), and 8.4(a)-(c). After hearing witnesses and reviewing exhibits, the Hearing Panel issued a Misconduct Report dated March10, 2006, stating the Grievance Administrator established Butcher's conduct was in violation of the MRPC. The Panel issued a Final Report on Misconduct and Report on Discipline on October 18, 2006 and suspended Butcher's license to practice law for 90

days. The Panel's Order of Suspension With Conditions for reinstatement was issued that same date.

Butcher appealed the Panel's Order to the ADB, which affirmed the Panel's Order on April 18, 2007. Butcher filed an Application For Leave To Appeal the ADB's decision with the Michigan Supreme Court which was denied on October 27, 2007. Butcher filed this complaint on November 28, 2007. Defendants say the Court lacks subject matter jurisdiction and ask the Court to dismiss Butcher's Complaint.

## III.  ANALYSIS AND APPLICABLE LAW

While the Michigan Supreme Court and the ADB filed a combined motion to dismiss and the AGC filed separately, all Defendants raise the same issues.

### A.  Lack of Subject Matter Jurisdiction

Relying on the *Rooker-Feldman* doctrine, Defendants assert that subject matter jurisdiction is lacking. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). This doctrine strips federal courts of jurisdiction over certain matters decided by state courts.

In *Rooker*, the court held that "no court of the United States other than this Court [pursuant to 28 U.S.C. §1257] could entertain a proceeding to reverse or modify the [state court] judgment." *Id.* In *Feldman*, the court reaffirmed that "the United States district courts do not have jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Id.* More recently, the Supreme Court restated the doctrine as follows: "under [the doctrine] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment

in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy,* 512 U.S. 997, 1005-06.

The allegations of Butcher's complaint launch a direct attack on the validity of the ADB's decision to suspend his law license. Butcher asks this Court to find the decision, "as applied" to him, unconstitutional. Further, Butcher asks this Court to enjoin the Defendants "from enforcing any discipline order issued" against him. To grant Butcher this relief, the Court would have to review and reject the Defendants' decisions as incorrect and unlawful. Such review amounts to appellate review of a state-court decision to suspend Butcher's license. This is strictly prohibited by the *Rooker-Feldman* doctrine. Therefore, Defendants' motion to dismiss under *Rooker-Feldman* is granted.

### B.     Jurisdictional Immunity under the 11th Amendment

If the Court found that subject matter jurisdiction existed, Defendants argue in the alternative, that the Eleventh Amendment provides immunity for their actions.

The Eleventh Amendment bars suit in federal court against the State and its agencies unless this jurisdictional immunity from suit is expressly waived by either the State or Congress, regardless of the nature of the relief sought. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89. Neither Congress nor the state has waived this jurisdictional immunity. The exception to this rule, which Butcher does not claim, states, "federal courts may exercise jurisdiction over claims against individual State officials for prospective injunctive relief." *Ex Parte Young,* 209 U.S. 123.

Butcher does not name any individual state official; he only seeks injunctive relief from the Order of suspension entered October 18, 2006 by the Hearing Panel. This

4

claim is barred by the Eleventh Amendment.

In Butcher's response the argument is made that neither the ADB nor the AGC is a court. He compares the two to a "Kangaroo Court," and argues that the disciplinary proceedings were not judicial in nature.

"Kangaroo Court" is a term descriptive of a sham legal proceeding in which a person's rights are totally disregarded and in which the result is a foregone conclusion because of the bias of the court or other tribunal. *Black's Law Dictionary* 780 (5th ed. 1979). Butcher's construction of the word "court" is too narrow. The AGC and the ADB are "de facto" courts since both operate pursuant to rules promulgated by the Michigan Supreme Court and are subject to its review. A de facto court is:

> A court established and organized to exercise judicial functions under authority of a valid statute. Further, it is an organ of the government, belonging to the judicial department, whose function is the application of the laws to controversies brought before it and the public administration of justice;

*Black's Law Dictionary* 318-319 (5th ed. 1979).

The Michigan Supreme Court is an agency of the State of Michigan, and has the state constitutional authority to regulate all matters pertaining to the practice of law in Michigan. Mich. Const. art. 6, §5. *Grievance Administrator v. Deutch,* 455 Mich. 149 (1997). This constitutional empowerment is codified by the legislature:

> The supreme court has the power to provide for the organization, government, and membership of the state bar of Michigan, and to adopt rules and regulations concerning the conduct and activities of the state bar of Michigan and its members, the schedule of membership dues therein, and the discipline, suspension and disbarment of its members for misconduct, and the investigation and examination of applicants for admission to the bar.

M.C.L. §600.904.

Under its authority, the Michigan Supreme Court promulgated rules governing the discipline of Michigan attorneys. MCR 9.100, *et seq.* The Michigan Supreme Court created a prosecution arm known as the Michigan Attorney Grievance Commission. MCR 9.108. It also created an adjudicative arm known as the Michigan Attorney Discipline Board. MCR 9.110. Both are subject to the rules and procedures adopted by the Michigan Supreme Court. The decisions of both are subject to the Michigan Supreme Court's review. As a result, the disciplinary suspension of Butcher's license is the functional equivalent of a state court judgment. *Mosby v. Ligon*, 418 F.3d 927 (8th Cir. 2005).

This Court finds that the Michigan Supreme Court, the AGC and the ADB are state judicial agencies and enjoy Eleventh Amendment immunity.

### C. Discretionary Jurisdiction

Butcher invokes the Declaratory Judgment Act of 1934, 28 U.S.C. §2201(a), as an avenue of relief. 28 U.S.C. §2201(a) says, "in a case of actual controversy, a competent court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." This is an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant. *Pub. Serv. Comm'n of Utah v. Wycoff*, 344 US 237, 241.

A competent court is a court, either civil or criminal, having lawful jurisdiction. *Black's Law Dictionary* 257 (5th ed. 1979). Jurisdiction is the foundation upon which Butcher can sue. Because of the *Rooker-Feldman* doctrine and Eleventh Amendment immunity, as discussed above, the Court does not have jurisdiction; the Court cannot exercise discretion in a matter in which it does not have jurisdiction.

6

### D. Sanctions/Fees

The Michigan Supreme Court and the ADB request sanctions against Butcher under Fed. R. Civ. P. 11 and 28 U.S.C. §1927.

Fed. R. Civ. P. 11(b) states:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

**(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

**(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

**(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

To impose sanctions, Defendants must properly serve notice on Butcher of the claim. This is the "safe harbor" provision of FRCP 11. Under Rule 11(c)(2), a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under the provisions of Rule 5 but it must not be filed or be presented to the court if the challenged [claim] is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred on the motion.

7

The Michigan Supreme Court and the ADB provide no evidence that they meet the requirements of Rule 11(c)(2). No separate Rule 11 motion was filed with the Court. Further, there is no evidence of notice given to Butcher of the Defendants' intention to request Rule 11 sanctions. This violates Rule 5(a) because Butcher must be served with these papers and given time to respond.

The Court denies Defendants' request for sanctions against Butcher under Rule 11.

28 U.S.C. §1927 states:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Defendants present no evidence that Butcher "multiplied the proceedings...unreasonably and vexatiously..." 28 U.S.C. §1927. Nor do they present evidence of "excess costs, expenses and attorneys' fees."

The Court denies the Michigan Supreme Court and the ADB's request to award fees and costs.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES** Defendants' request for sanctions against Plaintiff.

**IT IS ORDERED**.

                                       /s/ Victoria A. Roberts

Victoria A. Roberts
United States District Judge

Dated: May 15, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Robert Butcher by electronic means or U.S. Mail on May 15, 2008.

s/Linda Vertriest
Deputy Clerk